UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No.: 8:19-cr-4-WFJ-TGW

GABRIEL ALEJANDRO
VALENCIA SEGURA
_____/

**ORDER DENYING SENTENCE REDUCTION**

Citing Amendment 821 to the United States Sentencing Guidelines, Gabriel Alejandro Valencia Segura, USM#: 71580-018, moves (Dkt. 81) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On June 6, 2019, Gabriel Alejandro Valencia Segura was sentenced under 46 U.S.C. §§ 70503(a), 70506(a)(b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 109 months. Gabriel Alejandro Valencia Segura's total offense level was 33.  He was assessed no criminal history points, and his criminal history was category I.  Mr. Valencia Segura's advisory sentencing range was 135–168 months, and he received a sentence below the advisory range (to 109 months), based on a downward variance.  The Bureau of Prisons reports that his projected release is September 24, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Gabriel Alejandro Valencia Segura is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108–135.  The Federal Defender appears, confirms Gabriel Alejandro Valencia Segura's eligibility for a reduction, and moves unopposed to reduce his sentence to 108 months (a 1-month reduction in sentence).

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a).  This was a massive maritime smuggling operation (approximately 750 kilos of cocaine) for which movant already received a significant downward variance due to his lesser role and economic privation.  Dkt. 69 at 3; Dkt. 53 at 6.  He also received the "safety valve" reduction.  The sentencing factors in the statute would be impaired by further reduction, which would negate the seriousness of the offense and foster disrespect for the law.  Further reduction would harm general deterrence as well.

3

Mr. Valencia Segura's motion (Dkt. 81) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on July 23, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE